IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COPRECITEC, S.L., COPRECI, S. COOP., and MONDRAGON COMPONENTS U.S.A. CO., <br><br>Plaintiffs,<br><br>v.<br><br>THE BRINKMANN CORPORATION,<br><br>Defendant. | CIVIL ACTION FILE<br>NO. 1:12-CV-1480-AT |

**DEFENDANT BRINKMANN'S REPLY TO COPRECI'S RESPONSE TO BRINKMANN'S OBJECTIONS TO SPECIAL MASTER'S REPORT ON CLAIM CONSTRUCTION**

.

# **TABLE OF CONTENTS**

Page

I.   "First Part" and "Rotatable Structure" Do Not Connote Sufficiently Definite Structure ..................................................................................................1

II.   Brinkmann's Argument Focuses On Copreci's Own Description Of The Invention, Not Particular Embodiments..........................................................4

III.   Copreci's Reliance On The Prosecution History Is Equally Misplaced .........7

IV.   The Statute Overrides Copreci's Claim Differentiation Argument ................9

V.   Copreci's Attempts to Distinguish Cases Cited By Brinkmann Are Unavailing .....................................................................................................10

VI.   Conclusion.....................................................................................................12

# TABLE OF AUTHORITIES

Cases                                                                                                Page(s)

*Al-Site Corp. v. VSI Int'l, Inc.*
   174 F.3d 1308 (Fed. Cir. 1999) .................................................................................2

*Alloc, Inc. v. Int'l Trade Comm'n*
   342 F.3d 1361 (Fed. Cir. 2003) .................................................................................6

*Autogiro Co. of Am. v. United States*
   384 F.2d 391 (Ct. Cl. 1967) .......................................................................................7

*Bell Atl. Network Servs., Inc. v. Covad Comm'c'ns Group, Inc.*
   262 F.3d 1258 (Fed. Cir. 2001) .................................................................................9

*C.R. Bard, Inc. v. U.S. Surgical Corp.*
   388 F.3d 858 (Fed. Cir. 2004) ...................................................................................5

*CCS Fitness, Inc. v. Brunswick Corp.*
   288 F.3d 1359 (Fed. Cir. 2002) .................................................................................2

*DeGeorge v. Bernier*
   768 F.2d 1318 (Fed. Cir. 1985) .................................................................................8

*Gen. Am. Trans. Corp. v. Cryo-Trans, Inc.*
   93 F.3d 766 (Fed. Cir. 1996) .....................................................................................7

*Hubbell, Inc. v. Pass & Seymour, Inc.*
   2011 WL 1045659 (D. Conn. Mar. 17, 2011) ..........................................................3

*Innova/Pure Water, Inc. v. Safari Water Filtration Sys., Inc.*
   381 F.3d 1111 (Fed. Cir. 2004) .................................................................................9

*Inventio AG v. ThyssenKrupp Elevator Americas Corp.*
   649 F.3d 1350 (Fed. Cir. 2011) .................................................................................3

*Laitram Corp. v. Rexnord, Inc.*
   939 F.2d 1533 (Fed. Cir. 1991) ............................................................................9, 10

*Lighting World, Inc. v. Birchwood Lighting, Inc.*
   382 F.3d 1354 (Fed. Cir. 2004). ................................................................... 2, 3

*Linear Tech. Corp. v. Impala Linear Corp.*
   379 F.3d 1311 (Fed. Cir. 2004) ..................................................................... 3, 4

*MA. Inst. of Tech. v. Abacus Soft.*
   462 F.3d 1344 (Fed. Cir. 2006) ........................................................................ 11

*Mas-Hamilton Group v. LaGard, Inc.*
   156 F.3d 1206 (Fed. Cir. 1998) .................................................................. 10, 11

*Microsoft Corp. v. Multi-Tech Sys., Inc.*
   357 F.3d 1340 (Fed. Cir. 2004), *cert. denied*, 125 S. Ct. 61 (2004) ................... 5

*Modine Mfg. Co. v. U.S. Int'l Trade Comm'n*
   75 F.3d 1545 (Fed. Cir. 1996) ........................................................................ 6, 7

*Ormco Corp. v. Align Tech., Inc.*
   498 F.3d 1307 (Fed. Cir. 2007) .......................................................................... 6

*Powell v. Home Depot U.S.A., Inc.*
   633 F.3d 1221 (Fed. Cir. 2011) .......................................................................... 1

*S. Corp. v. United States*
   690 F.2d 1368 (Fed. Cir. 1982) .......................................................................... 7

*Sorenson v. ITC*
   427 F.3d 1375 (Fed. Cir. 2005) .......................................................................... 9

*Stryker Corp. v. Zimmer, Inc.*
   2012 WL 333814 (W.D. Mich. Feb. 1, 2012). (*Id.*) ............................................ 2

*Toro Co. v. White Consol. Indus.*
   199 F.3d 1295 (Fed. Cir. 1999) .......................................................................... 6

*Wang Labs., Inc. v. Am. Online, Inc.*
   197 F.3d 1377 (Fed. Cir. 1999) ....................................................................... 6, 7

*Watts v. XL Sys. Inc.*
   232 F.3d 877 (Fed. Cir. 2000) ............................................................................ 6

| Statutes | Page(s) |
|---|---|
| 35 U.S.C. § 112 | 1, 9, 10, 11 |

| Other Authorities | Page(s) |
|---|---|
| http://patft.uspto.gov/ | 1 |
| MPEP § 2111 | 8 |

# I.
# "First Part" and "Rotatable Structure" Do Not Connote Sufficiently Definite Structure

Copreci's Response [D.I. 60] begins with the conclusory statement that the terms "first part" and "rotatable structure" are "quintessential structural limitations …." (Response at 17.) The Response also makes unsupported statements regarding the number of patents that have claims that include the terms "part" or "structure." (*Id.*) In addition to being conclusory and irrelevant, Copreci's argument is contradicted by the Special Master's Report [D.I. 58], which correctly concluded that the term "part" does *not* connote *any* particular structure.[1] (Report at 9.)

Copreci then identifies a number of Federal Circuit opinions that purportedly support its position. (Response at 17-19.) However, Copreci does not address the specific points made in the Brinkmann's Objections [D.I. 59]. (*Id.*) For example, Copreci continues to cite *Powell v. Home Depot U.S.A., Inc.*, 633 F.3d 1221, 1230

---

[1] Copreci's reliance on a computer search that uncovered thousands of patents with claims using the terms "part" or "structure" is particularly absurd. Such a search at http://patft.uspto.gov/ yields patents with claims that use the common expression "in part," use "structure" in the claim preamble to designate the nature of the invention before going on to describe that structure in detail in the claim body, or use "part" or "structure" *together* *with* *modifiers* to make them definite (*e.g.*, "data structure," which is a common term in computer-related patents). If thousands of claims used "part" or "structure" without modifiers, as Copreci's claims do, Copreci should have been able to easily identify at least one. Even more, if any such claims had ever been litigated to a reported decision, we can be sure they would have been argued as subject to § 112 (¶ 6). The only reasonable conclusion from the absence of such decisions is that no patentee has ever been as brazen as Copreci is here.

(Fed. Cir. 2011). (Response at 17.) However, the claim language "dust collection structure" at issue in *Powell* employed a very specific modifier ("dust collection") with its non-specific term ("structure") — the classic functional noun — to describe a "dust collector". (Objections at 17.) Clearly this claim term in *Powell* was <u>*far more structural*</u> than "first part" or "rotatable structure" in the claims here.

Copreci's Response also cites a number of Federal Circuit and district court opinions not addressed in the Special Master's Report, but all of these cases likewise involved classic functional nouns that were far more structural than "first part" or "rotatable structure":

- "<u>*connector*</u> assembly" from *Lighting World, Inc. v. Birchwood Lighting, Inc.*, 382 F.3d 1354, 1359-60 (Fed. Cir. 2004). (Response at 17.)

- "<u>*reciprocating*</u> member" from *CCS Fitness, Inc. v. Brunswick Corp.*, 288 F.3d 1359, 1370 (Fed. Cir. 2002).[2] (*Id.*)

- "eyeglass <u>*hanger*</u> member" from *Al-Site Corp. v. VSI Int'l, Inc.*, 174 F.3d 1308, 1318-19 (Fed. Cir. 1999). (*Id.* at 17-18.)

- "<u>*lock*</u> assembly" from *Stryker Corp. v. Zimmer, Inc.*, 2012 WL 333814, at *6-9 (W.D. Mich. Feb. 1, 2012). (*Id.*)

---

[2] The court noted that the applicable definition of "member" is a "structural unit such as a … beam or tie, or a combination of these." *Id.* at 1367. Therefore, as in *Lighting World* – and unlike here – the definition of "member" itself denoted structure (a beam or a tie, or combination of them).

2

- "*latching* mechanism" from *Hubbell, Inc. v. Pass & Seymour, Inc.*, 2011 WL 1045659, at *14 (D. Conn. Mar. 17, 2011). (*Id.*)

As explained in *Lighting World*, courts have routinely held that these sorts of functional nouns (e.g., "clamp" or "clip") connote structure. 382 F.3d at 1361.

The Response also continues to rely on two fact-specific Federal Circuit opinions that are limited to claims involving electrical circuits. (Response at 18.) But Copreci's reliance on these cases is undercut by the Federal Circuit's holding that the word "circuit" *alone* connotes structure. *Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1320 (Fed. Cir. 2004) ("Technical dictionaries, which are evidence of the understandings of persons of skill in the technical arts, plainly indicate that the term 'circuit' connotes structure."). The Federal Circuit concluded that "the term 'circuit' with an appropriate identifier such as 'interface,' 'programming' and 'logic,' certainly identifies some structural meaning to one of ordinary skill in the art."[3] *Linear Tech.*, 379 F.3d at 1320.

Thus, the Federal Circuit did *not* condone the general application of Copreci's "contextual language" analysis beyond claim terms that involve circuits. Moreover, it is particularly inappropriate to apply the holding in *Linear Tech.* here,

---

[3] Likewise, in *Inventio AG v. ThyssenKrupp Elevator Americas Corp.*, 649 F.3d 1350, 1358 (Fed. Cir. 2011), cited at page 18 of the Response, the Federal Circuit held that the "modernizing device" claim language addresses "an electrical *circuit* that receives signals, processes signals, and outputs signals to other components in the patented system." *Id.* (emphasis added).

because, unlike in *Linear Tech.*, the Special Master has determined that the term "part" does *not* connote *any* particular structure. (Report at 9.)

## II.
## Brinkmann's Argument Focuses On Copreci's Own Description Of The Invention, Not Particular Embodiments

Copreci repeatedly mischaracterizes the issue as having to do with whether claim terms should be limited to particular embodiments described in the specification. (Response at 1, 16, 19, 23, 24.) That has never been Brinkmann's position, and it misses Brinkmann's point entirely.

Brinkmann's argument focuses on *Copreci's own description of the invention* found in the "Disclosure of the Invention" section of the patents-in-suit:

DISCLOSURE OF THE INVENTION

> The *object of the invention* comprises a gas tap for a domestic cooking appliance of the type with a frusto-conical regulating organ coupled to an actuating shaft and to a rotary control knob, which is capable of supplying different required flows of gas lying between two angular limit positions, of either of the two different types of gas, N gas or LP gas, the tap having a dual means for limiting the angle of rotation of the regulating organ, and *the control knob being interchangeable on the actuating shaft*, which depending on the type of gas used by the appliance can be or not provided, *with a means for guiding the rotation in cooperation with a means for limiting the rotation provided on a panel on the cooking appliance*.
>
> * * *
>
> The use of a single valve for regulating the flow of two different gas families is an advantage of *the gas valve invention*, when mounted on a cooking appliance. During the start-up of the cooking

4

>appliance *the user only has to carry out a choice for a control knob from among two available units accompanying the valve*, in accordance with the type of fuel gas NG or LP appropriate for the cooking appliance.  Instead of mounting to each rotary valve shaft one elected class of control knob, the user also can choose for an element of cooker panel, from among two different available units of a panel element to be mounted on the cooker.

'384 patent at 2:20-33, 43-53; '390 patent at 2:17-31, 41-51 (emphasis added).

These words are important because these are the words that Copreci chose from the beginning — long before this infringement dispute arose — to describe the invention as a whole.  The Federal Circuit has long recognized that such statements are particularly useful in construing claim terms.  *See Microsoft Corp. v. Multi-Tech Sys., Inc.*, 357 F.3d 1340, 1348 (Fed. Cir. 2004) ("Those statements, some of which are found in the 'Summary of the Invention' portion of the specification, are not limited to describing a preferred embodiment, but more broadly describe the overall inventions of all three patents."), *cert. denied*, 125 S. Ct. 61, (2004).  S*ee also C.R. Bard, Inc. v. U.S. Surgical Corp.*, 388 F.3d 858 (Fed. Cir. 2004) ("Statements that describe the invention as a whole, rather than statements that describe only preferred embodiments, are more likely to support a limiting definition of a claim term").

Consistent with this case law, the claims of the patents-in-suit should be construed in light of their respective specification's consistent emphasis that

5

interchangeable control knobs or interchangeable bezels are the way the inventions convert between liquefied petroleum gas ("LPG") and natural gas ("NG").  *Ormco Corp. v. Align Tech., Inc.*, 498 F.3d 1307, 1313-14 (Fed. Cir. 2007) (construing claims so that they "most naturally align[] with the patent's description of the invention" (quotation marks omitted)); *Alloc, Inc. v. Int'l Trade Comm'n*, 342 F.3d 1361, 1370 (Fed. Cir. 2003) (construing claim to include limitation because the "very character of the invention" required that the limitation be part of every embodiment); *Watts v. XL Sys. Inc.*, 232 F.3d 877, 882-83 (Fed. Cir. 2000) (construing claim to include limitation, in part because the specification limited the invention to embodiments with that feature); *Toro Co. v. White Consol. Indus.*, 199 F.3d 1295, 1300-01 (Fed. Cir. 1999) (construing claim to require a particular configuration where the specification described the importance of the configuration and did not disclose others).

Copreci is correct that every relevant embodiment is coextensive with the above-quoted statements from the summary of the invention.  However, that fact does *not expand* what was actually invented.  The use of the term "preferred" does not of itself broaden the claims beyond their support in the specification.  *Wang Labs., Inc. v. Am. Online, Inc.*, 197 F.3d 1377, 1383, (Fed. Cir. 1999); *see also Modine Mfg. Co. v. U.S. Int'l Trade Comm'n*, 75 F.3d 1545, 1551 (Fed. Cir. 1996)

6

("when the preferred embodiment is described in the specification as the invention itself, the claims are not necessarily entitled to a scope broader than that embodiment."); *Gen. Am. Trans. Corp. v. Cryo-Trans, Inc.*, 93 F.3d 766, 770 & 772 (Fed. Cir. 1996); *Autogiro Co. of Am. v. United States*, 384 F.2d 391, 398 (Ct. Cl. 1967).[4]  When the subject matter that is claimed is the only subject matter described in the specification, then that is the invention — it is not simply a "preferred" example of a broader invention that is otherwise not described. *Wang Labs.*, 197 F.3d at 1383; *Modine Mfg.*, 75 F.3d at 1551.

Brinkmann's proposed construction is consistent with the controlling Federal Circuit authority because Brinkmann's construction is based on what the specification describes as the invention, not because this reads in, or limits the claims to, particular embodiments.

### III.
### Copreci's Reliance On The Prosecution History Is Equally Misplaced

Copreci also tries to support the Report's construction of "rotatable structure" based on the prosecution history. (Response at 19-20.)  Specifically, Copreci points to a one-line statement by the Examiner which refers to "a rotatable structure (**Stop Sleeve #29**) … ." (*Id.*, Ex. 4 at 5.)  However, this apparent

---

[4] The Court of Claims is a predecessor to the Federal Circuit, and its holdings were adopted as precedent. *S. Corp. v. United States*, 690 F.2d 1368, 1370 (Fed. Cir. 1982).

7

equating by the Examiner of stop sleeve 29 in the prior art Brumbaugh patent to the claimed "rotatable structure" is irrelevant.

Examiners are required to give claims terms their "broadest reasonable interpretation" during patent prosecution. MPEP § 2111 ("During patent examination, the pending claims must be 'given their broadest reasonable interpretation consistent with the specification.'"). This same standard does not control when a district court construes terms in a patent infringement lawsuit. *DeGeorge v. Bernier*, 768 F.2d 1318, n. 2 (Fed. Cir. 1985) (holding that the Examiner's broadest reasonable interpretation approach "does not apply, however, during litigation of issued claims, where the specification and file history should be resorted to in ascertaining the claims' true meaning."). It was clearly proper for the Examiner during prosecution to broadly construe "rotatable structure" as encompassing Brumbaugh's sleeve 29. This has nothing to do, however, with the interpretation of "rotatable structure" in this lawsuit. Here, § 112 (¶ 6) limits the "rotatable structure" to the corresponding structure described in the '390 patent (and equivalents, of course). The "corresponding structure" does not extend to the disclosure of any other patent.

A corollary of this principle is that only the applicant's statements during prosecution are germane to claim interpretation. For example, "it is the applicant,

*not the examiner*, who must give up or disclaim subject matter that would otherwise fall within the scope of the claims." *Sorenson v. ITC*, 427 F.3d 1375, 1378-1379 (Fed. Cir. 2005) (emphasis added). *See also Bell Atl. Network Servs., Inc. v. Covad Comm'c'ns Group, Inc.*, 262 F.3d 1258, 1273 (Fed. Cir. 2001) (holding that, unlike the statement of an applicant, the statements of an examiner will not necessarily limit a claim); *Innova/Pure Water, Inc. v. Safari Water Filtration Sys., Inc.*, 381 F.3d 1111, 1124 (Fed. Cir. 2004).

## IV.
## The Statute Overrides Copreci's Claim Differentiation Argument

Copreci's claim differentiation argument as applied in the § 112 (¶ 6) context (Response at 20-21) was squarely rejected by the Federal Circuit in *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1533 (Fed. Cir. 1991). As here, Laitram argued that the court should not limit "means for joining" in independent claim 21 to the corresponding structure of a cross member because dependent claim 24 specifically required a cross member. *Id*. at 1538. The Federal Circuit disagreed, explaining that:

> the judicially developed guide to claim interpretation known as "claim differentiation" cannot override the statute. A means-plus-function limitation is not made open-ended by the presence of another claim specifically claiming the disclosed structure which underlies the means clause or an equivalent of that structure. If Laitram's argument were adopted, it would provide a convenient way of avoiding the express mandate of section 112(6). We hold that one cannot escape

9

that mandate by merely adding a claim or claims specifically reciting such structure or structures.

*Id.*

Thus, Copreci's argument based on claim differentiation is simply incorrect and improper. *Laitram*, 939 F.2d at 1538 (holding that "the interpretation of the 'means for joining' to include a cross member comes from the specification via section 112(6), not from [dependent] claim 24.").)

## V.
## Copreci's Attempts to Distinguish Cases Cited By Brinkmann Are Unavailing

Copreci argues that the Court should disregard the Federal Circuit's opinion in *Mas-Hamilton Group v. LaGard, Inc.*, 156 F.3d 1206 (Fed. Cir. 1998), because it purportedly turned on unusual facts not present here. (Response at 23.) Specifically, Copreci claims that the Federal Circuit reached its conclusions in *Mas-Hamilton* because "the patentee had used the terms 'member,' 'element,' and 'means interchangeably,' and that in the patent itself, the patentee described the 'lever moving element' as a 'means … for moving the lever.'" (Response at 23.) However, the totality of the substance of the Federal Circuit's discussion in *Mas-Hamilton* fails to mention any of these "unusual" facts:

> In the instant case, the claimed "lever moving element" is described in terms of its function not its mechanical structure. If we accepted La Gard's argument that we should not apply section 112,

10

> ¶ 6, a <u>*"moving element" could be any device that can cause the lever to move. La Gard's claim, however, cannot be construed so broadly to cover every conceivable way or means to perform the function of moving a lever*</u>, and there is no structure recited in the limitation that would save it from application of section 112, ¶ 6.
>
> \* \* \*
>
> Thus, we hold that the district court was correct in applying section 112, ¶ 6 to limit the "lever moving element" to structures disclosed in the specification and equivalents thereof that perform the identical function.

156 F.3d at 1214.

The relevant facts addressed by the Federal Circuit in *Mas-Hamilton* are actually very similar to the facts here. Like the Federal Circuit's observations concerning "moving element," the term "rotatable structure" can be any device that can rotate as described in the relevant claims. Thus, as in *Mas-Hamilton*, because there is no structure identified in the claim, the claim "rotatable structure" cannot be construed so broadly to cover anything that can be rotated.

Copreci also attempts to distinguish *MA. Inst. of Tech. v. Abacus Soft.*, 462 F.3d 1344, 1354 (Fed. Cir. 2006), on the basis that the Federal Circuit only construed "colorant selection mechanism" under § 112, ¶ 6 "where the patentee again had expressly used the term 'means' and 'mechanism' synonymously in the specification." *Id.* at 1354. (Response at 23.) Copreci ignores the fact that the same applies here.

11

The "Disclosure of the Invention" sections of the patents-in-suit expressly use the terms "first part" / "rotatable structure" and "second part" synonymously with "means for guiding the rotation" and "means for limiting the rotation." As clearly stated in that section:

> the control knob being interchangeable on the actuating shaft, which depending on the type of gas used by the appliance can be or not provided, with a *means for guiding the rotation* in cooperation with a *means for limiting the rotation provided on a panel* on the cooking appliance.

'384 patent at 2:29-33; '390 patent at 2:26-31 (emphasis added).

Thus, the cases cited by Brinkmann are the only cases presented to the Special Master that involve facts analogous to those found here.

## VI. Conclusion

For the foregoing reasons, Brinkmann respectfully requests that the Court adopt Brinkmann's proposed constructions of the terms "first part," and "rotatable structure."

This 15th day of October, 2013.

By: <i>/s/ Angela M. Spivey</i><br>
Angela M. Spivey<br>
Georgia Bar No. 672522<br>
McGuireWoods LLP<br>
1230 Peachtree Street, N.E.<br>
Promenade II, Suite 2100<br>
Atlanta, Georgia 30309-3534

        404-443-5720 (Telephone)
        404-443-5792 (Facsimile)
        aspivey@mcguirewoods.com

        Gary A. Clark
        *Admitted Pro Hac Vice*
        Dennis Smith
        *Admitted Pro Hac Vice*
        Sheppard Mullin Richter & Hampton LLP
        333 South Hope Street, 43rd Floor
        Los Angeles, California 90071-1422
        (213) 620-1780 (Telephone)
        (213) 620-1398 (Facsimile)
        gclark@sheppardmullin.com
        djsmith2@sheppardmullin.com

*Counsel for Defendant The Brinkmann Corporation*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COPRECITEC, S.L., COPRECI, S. COOP., and MONDRAGON COMPONENTS U.S.A. CO., <br><br> Plaintiffs, <br><br> v. <br><br> THE BRINKMANN CORPORATION, <br><br> Defendant. | CIVIL ACTION FILE <br> NO. 1:12-CV-1480-AT |

## CERTIFICATE OF SERVICE, FONT AND MARGINS

I hereby certify that on October 15, 2013, I electronically filed the foregoing *Defendant Brinkmann's Reply to Copreci's Response to Brinkmann's Objections to Special Master's Report on Claim Construction* with the Clerk of the Court using the CM/ECF System, which sent notification of such filing to all counsel of record.

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

                                            /s/ Angela M. Spivey
                                            Angela M. Spivey